**Ray COUCH, III, Plaintiff,**

**v.**

**CRO–MARINE TRANSPORT, INC., a foreign corporation; Berisford Metals Corporation, d/b/a Erlanger & Co., a foreign corporation, and James J. Flanagan Shipping, a foreign corporation, Defendants.**

**BERISFORD METALS CORPORATION, d/b/a Erlanger & Co., Third Party Plaintiff,**

**v.**

**CENTRAL ILLINOIS DOCK COMPANY, a foreign corporation, Third Party Defendant.**

**BERISFORD METALS CORPORATION, d/b/a Erlanger & Co., a foreign corporation, Cross–Plaintiff,**

**v.**

**JAMES J. FLANAGAN SHIPPING CORPORATION, a foreign corporation, Cross–Defendant.**

No. 88–1265.

United States District Court, C.D. Illinois.

April 26, 1991.

See also, 725 F.Supp. 978.

David W. Stuckel, Peoria, Ill., for plaintiff.

Mary W. McDade, Peoria, Ill., John A. O'Donnell, Chicago, Ill., for Cro–Marine Transport, Inc.

Corrie D. Fetman, Michael J. Tibbs, Peoria, Ill., for James J. Flanagan Shipping Corp.

Daniel L. Johns, Peoria, Ill., for Berisford Metals Corp. and Erlanger & Co.

Gary M. Peplow, Peoria, Ill., for Cent. Illinois Dock Co.

## ORDER

MIHM, District Judge.

Before the Court are Motions by the Defendant, Berisford Metals Corporation, d/b/a Erlanger & Co., to correct an order (# 112) and Motions by the Plaintiff, Ray Couch, III, to transfer venue (# 113) and

for reconsideration (# 111). The Motion to Correct an Order (# 112) is granted in part and denied in part. Plaintiff's Motion to Transfer Venue (# 113) and for Reconsideration (# 111) are granted in accordance with the terms of this order.

## DISCUSSION

In the Court's order of March 5, 1991, on page 3 thereof, the following statements appear:

> The barge was to be loaded by Berisford.
>
> *     *     *     *     *     *
>
> Flanagan had a contract with Berisford to unload a ship in New Orleans, Louisiana and to place its cargo on a barge provided by Berisford.

*Couch v. Cro–Marine*, Case No. 88–1265, slip op. at 3 (C.D.Ill., March 5, 1991).

Berisford asserts that this is an incorrect statement of the background facts of the case. It notes that on page 2 of its response which was filed with the Court on November 14, 1990, it contended that the available evidence would indicate that the contract for the unloading of the Ucka and loading of the cargo onto barges was between James J. Flanagan Shipping Corporation and Gulf and Overseas Shipping Company, and that Captain S. Zucker made the arrangements for the contract. Berisford notes that it supported this assertion with an attached deposition transcript of Flanagan's designated corporate representative and several deposition exhibits. It also notes that Captain Zucker has no relationship to Berisford. Thus, Berisford argues that it has denied and continues to deny that it made arrangements for stevedoring with Flanagan.

In response, Flanagan concedes that it does not know who hired Gulf and Overseas. Therefore, Flanagan does not object to Berisford's request that the statement "the barge was to be loaded by Berisford" or the phrase "with Berisford" be stricken from page 3 of the Court's March 5, 1991 order. However, Flanagan notes that Berisford's Motion does not deny that the barge was provided by Berisford. Therefore, Flanagan requests that, unless Berisford denies that it provided the barge, the second sentence of the quotation from the Court's order should simply eliminate the term "with Berisford" but not anything else in that statement. Although Flanagan concedes that Berisford's proposed change would not affect the Court's jurisdictional decision, it believes that the Court's language should be left unchanged in order to retain the clarity of the Court's opinion with regard to the fact that Flanagan did not own or provide the barge.

This Court agrees with Flanagan. The first sentence of the above quotation on page 3 of the Court's order is ordered stricken. However, since Berisford does not deny that it provided the barge, only the term "with Berisford" should be stricken from the second sentence of the above quotation so that it is clear that Flanagan did not own or provide the barge in question. Thus, Berisford's Motion to Correct Order is granted in part and denied in part.

Also, Couch asks the Court to reconsider the part of its order of March 5, 1991 which dismissed Couch's claim against Flanagan. Couch has requested that the Court either enter an order transferring the cause of action to the United States District Court for the Eastern District of Louisiana which sits in New Orleans, or condition its dismissal on the Defendants' agreement not to assert the statute of limitations as a defense to the Plaintiff's refiling of the cause of action in a court of proper jurisdiction.

Flanagan does not oppose the transfer of this case. However, Flanagan asserts that the Court should make it clear that Flanagan has not waived any defenses that Flanagan might have raised if the Plaintiff filed its Complaint in a different district court on June 1, 1989.

Based upon the foregoing, this Court orders that venue of this cause of action involving the claims of Couch against Flanagan shall be transferred to the United States District Court for the Eastern District of Louisiana sitting in New Orleans, pursuant to 28 U.S.C. §§ 1404 and 1406. This case is transferred with the understanding that Flanagan can raise any defense that it could have raised if the Plain-

tiff had filed its Complaint in a different district court on June 1, 1989.

### CONCLUSION

Berisford's Motion to Correct an Order (# 112) is GRANTED in part and DENIED in part. As provided in this order, certain parts of the order entered on March 5, 1991 are stricken. A new order will be entered contemporaneously with this order which reflects the changes made in the previous order. Also, Couch's Motions to Transfer Venue (# 113) and for Reconsideration (# 111) are GRANTED. Therefore, this Court VACATES its order dismissing Couch's claims against Flanagan and orders that these claims shall be transferred in accordance with this order.